UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


KATHLEEN M. FAIRHURST,

      **Plaintiff,**

                              **Case No. 1:19-cv-17787**
      v.                         **Magistrate Judge Norah McCann King**

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

      **Defendant.**


## OPINION AND ORDER

This matter is before the Court on the motion for an attorney fee pursuant to 42 U.S.C. § 406(b) in the amount of $ 60,565.93. (ECF No. 31) The Commissioner neither supports nor opposes the motion (ECF 32) but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). For the reasons that follow, the motion is granted.

### I.    STANDARD

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel

1

was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II.    PROCEDURAL HISTORY and DISCUSSION

Plaintiff's application for Disability Insurance Benefits (SSDI), alleging disability since May 11, 2011, was originally filed in January 2013. (R. 156, 224–30) This Court reversed the Commissioner's denial of that application on two occasions, most recently on September 7, 2021. (*Opinion and Order*, ECF 27; *Final Judgment*, ECF 28) *See also Fairhurst v. Comm'r of Soc. Sec.*, 1:16-cv-9423 (D.N.J. Oct. 3, 2018). With each reversal, Plaintiff was awarded an attorney fee under the EAJA, for a total of $ 19,300.00. (*Consent Order*, ECF 30: $ 8,800.00; *Fairhurst,* 1:16-cv-9423, ECF 35: $ 10,500.00)[1]

On remand following this Court's most recent reversal, Plaintiff's application for SSDI benefits was granted and Plaintiff's past due benefits, covering more than 14 years, were calculated to total $ 242,263.72. (*Motion for Attorney Fees*, ECF 31, PageID# 1439) Twenty-Five present of that amount, $ 60,565.93, has been withheld for payment to her representative. (*Id*., Exh. B, PageID# 1445)

The fee agreement executed by Plaintiff and her counsel authorizes a fee of 25% of all past-due benefits for work performed before this Court. (*Id*., Exh. A, PageID# 1442) Plaintiff's counsel represents that she has spent more than 78 hours of attorney time on Plaintiff's behalf before this Court. (*Id*. at PageID# 1440)

---

[1] The current motion refers only to the $ 10,500.00 awarded under the EAJA in *Fairhurst*, 1:16-cv-9423, ECF 35.

Taking into account the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court observes that Plaintiff's counsel is highly skilled, with substantial experience before this Court in this area of the law. Moreover, counsel's representation of Plaintiff before this Court was of the highest caliber and, as noted, resulted in the reversals of the Commissioner's decision and orders of remand. The favorable result that Plaintiff ultimately realized is a testament to her counsel's competence and efforts. Furthermore, years had elapsed between the time that Plaintiff filed her application for benefits in 2013 and the awarding of benefits in 2026—delay that burdened her counsel as well as Plaintiff—and there is no indication that this delay was caused by Plaintiff's counsel. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at \*1.

The statute requires that the award under § 406(b) be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. Counsel seeks a fee award of $ 60,565.93, which results in an imputed effective hourly rate of $ 776.49 per hour. Awards greater than that have been approved in this District. *See, e.g., Kathleen G. v. Comm'r of Soc. Sec.,* No. 17-5413 (RMB), 2025 WL 1456784, at \*2 (D.N.J. May 21, 2025) (approving a fee with imputed rate of $ 1,043.02 per hour); *Wells v. Comm'r of Soc. Sec.*, No. 1:20-cv-10259-NLH, 2024 WL 447768, at \*1-2 (D.N.J. Feb. 6, 2024) ($ 1,056.34 per hour). This Court concludes that the award sought in this case is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

## III.    CONCLUSION

Plaintiff's Motion for Attorney Fees, ECF No. 31, is **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 60,565.93, which is not more than 25% of the past due benefits awarded to Plaintiff, be remitted **to Sheryl Gandel Mazur, Esq.** Upon receipt of this fee, and to the extent that she has not already done so, counsel for Plaintiff is **DIRECTED** to remit all previously awarded EAJA fees to Plaintiff.

April 14, 2026

_s/ Norah McCann King_
Norah McCann King
United States Magistrate Judge

4